UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HAROLD VERLEY,

                      Plaintiff,

    -v.-                                                      9:05-CV-1251
                                                                      (LEK/GHL)
GLENN GOORD; LESTER M. WRIGHT; JOHN
BURGE; JOHN MCANANY; PANG KOOI; HOLLY
COLLETTE; and UNITED CORRECTIONAL
MANAGED CARE, INC.,

                      Defendants.

APPEARANCES:                        OF COUNSEL:

HAROLD VERLEY
90-T-3070
Plaintiff, *pro se*

OFFICE OF THE NEW YORK            MARIA MORAN, Esq.
STATE ATTORNEY GENERAL         Assistant Attorney General
Attorneys for Defendants

LAWRENCE E. KAHN, United States District Judge

## DECISION and ORDER

      Plaintiff Harold Verley commenced this action on October 3, 2005. Dkt. No. 1. In his *pro se* complaint, Plaintiff alleged that while he was incarcerated at Auburn Correctional Facility, Defendants violated his Eighth Amendment rights by showing deliberate indifference toward his serious medical needs; violated his right to medical privacy; and failed to provide him with the various medications and supplies that Plaintiff believed would alleviate his symptoms. Id. at 29-33.

      Currently before the Court is Plaintiff's motion for injunctive relief seeking an Order

directing Dr. K. Vadlamudi and Dr. S. Haidershah, who are employed at Marcy Correctional Facility, to provide Plaintiff with specific pain management therapy that was previously recommended by Dr. Loweinstien, a physician under contract with the Department of Correctional Services. Dkt. No. 37 at 6-7. Plaintiff is presently incarcerated at Marcy Correctional Facility. In the alternative, Plaintiff asks the Court to Order that Plaintiff be transferred back to Mohawk Correctional Facility "where plaintiff was under pain management treatment and care by Dr. Loweinstien." Id. at 7. Defendants oppose the motion because (1) Dr. K. Vadlamudi and Dr. S. Haidershah are not parties to this action; (2) a prison inmate has no constitutional right to be transferred to a particular prison; and (3) Plaintiff "offers no factual evidence to demonstrate that he is suffering an irreparable harm and/or that he is likely to succeed on the merits of his allegations." Dkt. No. 39-2 (Memorandum of Law).

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in Covino v. Patrissi, the movant must show: (a) irreparable harm *and* (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. 967 F.2d 73, 77 (2d Cir.1992) (affirming district court's denial of inmate's request for preliminary injunction); see also Roucchio v. LeFevre, 850 F.Supp. 143, 144 (N.D.N.Y.1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

To the extent that Plaintiff seeks incarceration in a specific facility, the law is clear that an inmate does not have a right to be confined to the prison of his own choosing. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Thus, there is no legal basis for this Court to order the

Defendants to transfer Plaintiff to Mohawk Correctional Facility.

Moreover, Dr. K. Vadlamudi and Dr. S. Haidershah are not parties to this action. Plaintiff is advised that, except in limited circumstances not relevant herein, a Court may not order injunctive relief as to nonparties to an action.  See Rule 65(d) of the Federal Rules of Civil Procedure ("[e]very order granting an injunction ... is binding only upon the parties to the action ..."); United States v. Regan, 858 F.2d 115, 120 (2d Cir.1988); Sumpter v. Skiff, No. 9:05-CV-0869, 2006 WL 3453416, at *1 (N.D.N.Y. Nov. 28, 2006) (McAvoy, J.).  Since Dr. K. Vadlamudi and Dr. S. Haidershah are not parties to this action, the Court denies Plaintiff's request for injunctive relief against these individuals.[1]

Even if the Court were to address the merits of Plaintiff's motion, a party is not entitled to injunctive relief unless there is **proof** of a likelihood of succeeding on the merits of a claim, or **evidence** that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief.  See Covino, 967 F.2d at 77.  Plaintiff failed to submit proof or evidence which meets this standard.

In sum, since Plaintiff (1) has no right to be placed in the prison of his choice; (2) may not obtain injunctive relief against non-parties; and (3) has failed to establish either a likelihood of success on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward him, the Court must deny Plaintiff's motion for injunctive relief.

---

[1] Plaintiff also seems to be seeking relief against Mr. B. McAuliffee, the Deputy Superintendent of Security.  Dkt. No. 37 at 20.  Mr. B. McAulliffee is also not a party to the present action, and any request for injunctive relief against him is also denied.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for injunctive relief (Dkt. No. 37) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

DATED:   August 22, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge